1  Monique Olivier (Cal. Bar No. 190385)
2  monique@osclegal.com
   Katharine Chao (Cal. Bar No. 247571)
3  kathy@osclegal.com
   Christian Schreiber (Cal. Bar No. 245597)
4  christian@osclegal.com
   OLIVIER SCHREIBER & CHAO LLP
5  201 Filbert Street, Suite 201
   San Francisco, CA 94133
6  Telephone: (415) 484-0980
7  Facsimile: (415) 658-7758

8  Rory Quintana (Cal. Bar No 258747)
   Ramsey Hanafi (Cal. Bar No. 262515)
9  QUINTANA HANAFI, LLP
   870 Market Street, Suite 1115
10 Telephone: (415) 504-3121
11 Facsimile (415) 233-8770
   info@qhplaw.com

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN HIDALGO, COURTNEY BENTLEY, and GAVIN BOOMER, <br><br> Plaintiffs <br><br> v. <br><br> GLOBAL K9 PROTECTION GROUP, LLC <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR FEDERAL AND STATE EMPLOYMENT LAW VIOLATIONS;** <br><br> **CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF;** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Justin Hidalgo, Courtney Bentley, and Gavin Boomer (collectively "Plaintiffs"), by and through his undersigned attorneys, allege, on behalf of themselves and all those similarly situated, as follows:

## SUMMARY OF CLAIMS

1. Plaintiffs were employees of Defendant Global K9 Protection Group, LLC ("Global K9" or "Defendant"). Plaintiffs worked as dog handlers for dogs they had trained as explosives-detection canines.-Plaintiffs bring this action as a class and collective action on behalf of themselves and all other current and former employees of Global K9 in the United States, to recover lost wages, reimbursement of expenses, and other relief resulting from Defendant's willful failure to pay its handlers for all hours worked, including overtime, among other violations.

2. Plaintiffs allege that Global K9 has violated and continues to violate the California Labor Code and the federal Fair Labor Standards Act ("FLSA"), the California Industrial Welfare Commission's Wage Order 4-2001 ("Wage Orders"), and California's Unfair Competition Law ("UCL"), which protect Plaintiffs and other employees from the violations alleged herein. These violations include the failure to: (1) reimburse Plaintiffs for their expenses, (2) pay overtime, (3) pay minimum wage, (4) provide itemized wage statements, and (5) keep accurate payroll records.

3. Plaintiffs bring their claims under the California Labor Code, Wage Order, and the UCL, on behalf of all Global K9 employees who worked in California between the time period beginning 4 years prior through the date final disposition of this action (the "Class").

4. Plaintiffs also bring claims under the FLSA, 29 U.S.C. §§ 201 *et seq*. and 29 U.S.C. § 216(b) on behalf of all Global K9 employees who worked in the United States between the period beginning 3 years prior to the filing of this action through the date of its final disposition (the "Collective").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this complaint alleges claims under the laws of the United States, specifically the FLSA, 29

1  U.S.C. § 201 *et. seq.* and 29 U.S.C. § 216(b). This Court has jurisdiction over Plaintiffs' claims under California law pursuant to 28 U.S.C. § 1367(a) because they arise from the same case or controversy as Plaintiffs' federal claims, and both sets of claims share a common nucleus of operative fact.

6. The United States District Court for the Northern District of California has personal jurisdiction over Defendant because Global K9 conducts business in this District and many of the acts complained of and giving rise to the claims alleged took place in California and in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in San Francisco.

8. Plaintiffs have notified the California Labor and Workforce Development Agency of Defendant's violations pursuant to Labor Code section 2699.3 and intend to amend this complaint to include a claim for recovery of civil penalties pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code section 2698 *et seq*.

**THE PARTIES**

9. Plaintiff Justin Hidalgo is over the age of 18 and a resident of Discovery Bay, California. Plaintiff has worked as a handler for Global K9 until January 2020, in the states of California and Alabama.

10. Plaintiff Courtney Bentley is over the age of 18 and a resident of Jacksonville, Florida. Bentley has worked as a handler for Global K9 since approximately November 2018, in the states of California, Georgia, Florida, and Alabama.

11. Plaintiff Gavin Boomer is over the age of 18 and a resident of Jacksonville, Florida. Bentley worked as a handler for Global K9 from approximately April 2018 to November 2019, in the states of California, Georgia, Florida, and Alabama.

12. Defendant Global K9 Protection Group, LLC is a privately held limited liability company organized in Alabama with its corporate headquarters and primary place of business in Opelika, Alabama.

# FACTUAL BACKGROUND

13. Global K9 provides air cargo screening for its clients. Plaintiffs worked as handlers of dogs trained to detect explosives and other hazardous or illegal cargo for clients of Global K9.

14. Prior to beginning work, Plaintiffs were provided an "Employee Offer Letter." The offer letter provided in material part:

   a. The hourly rate for the employee;
   b. That employment was "at will;"
   c. That employees would participate in a paid 4-8 week training course in Alabama;
   d. That employees would receive a stipend for care of their dog, once assigned;
   e. That employees would be compensated bi-weekly, and eligible for company benefits; and
   f. That employees would accrue paid time off ("PTO") up to eighty hours per year, and 32 hours of sick time;

15. Following their training, Plaintiffs were paired with dogs and were dispatched by Defendant to locations around the country to perform work at various airports and other cargo sites. Plaintiffs signed "Bailment and Service Agreements" when they received their dogs which provided, in material part:

   a. The value of the dog;
   b. That the employee would be available to use the dog at the direction of Defendant within 24 hours;
   c. That the employee would indemnify and hold harmless Defendant for any and all damages arising out of any non-work-related use of the dog;
   d. That the employee assumed any risk of loss of the dog, and was responsible for all expenses for care of the dog;

  e. A clause designating Alabama law as governing law for the Bailment Contract, and Lee County, Alabama as the venue for any dispute arising out of the Bailment Contract, and for providing for prevailing party's attorneys' fees and costs.

16. The Bailment Contract is unlawful and unenforceable under Labor Code section 925.

17. Defendant periodically provided Plaintiffs with an updated "Monthly Stipend Policy," which provided in material part:

  a. Employees were required to use their personal cell phone for work, and would receive a $20 monthly stipend for their personal cell phone;

  b. Whether there was a change in the monthly stipend for care of their dogs;

  c. That the total stipend was intended to also cover mileage for travel between jobs;

  d. Employees were instructed to use specific canine health products, and were instructed not to purchase them from online retailers;

  d. Employees were instructed to procure minimum annual vaccinations for their dogs, without any additional reimbursement;

  e. Employees were reminded that the stipend amounts were all inclusive and reminded to "budget properly" as "Your job depends on it!"

18. Until November 2019, Plaintiffs and the putative class were all classified as "exempt" salaried employees. In November 2019, Defendants unilaterally reclassified Plaintiffs as non-exempt, and paid them by the hour.

19. Plaintiffs were only paid for their hours spent while handling their dogs on security screenings. The times they were paid corresponded to the times on employee schedules provided by Defendant, which in turn corresponded to the scheduled security screenings ordered by Defendant's clients.

20. Plaintiffs' work hours were recorded using an electronic "app" on Plaintiffs' phones. Plaintiffs were instructed—verbally and in writing—to record only the time they spent performing security screenings. Only time recorded in this app was paid. Plaintiffs were instructed not to record any other time spent performing work tasks. This meant that time in between screenings, performing administrative tasks before and after screenings, providing their dogs mandatory rest periods, taking their dogs to veterinary appointments, driving between job sites, and other work-related tasks were unpaid.

21. Defendant also employed "Site Leads." Site Leads were instructed both verbally and in writing to "correct" clock-in/clock-out records of workers who recorded any work time outside their screening schedules. Site Leads were told that workers were only compensated for the time that could be billed to Defendant's clients, regardless of whether Defendant's employees were engaged, suffered, or permitted to work on behalf of Defendant. Defendant was aware that Plaintiffs and other handlers were performing work without compensation.

22. Plaintiffs were re-classified as hourly, non-exempt in or around November 2019. Plaintiffs' duties and hours did not change. Plaintiffs continued to work significant hours for no compensation, including hours over eight in a day, or hours over 40 in a week. Plaintiffs' monthly stipend was lowered to $350 when they were reclassified.

23. Plaintiffs routinely worked over eight hours per day.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiffs bring this FLSA Claim for Relief on behalf of themselves and all Collective members, defined as, "All individuals who are or have been employed as handlers for Global K9 Protection Group in the United States at any time since the date three years preceding the filing of this Complaint through to the present."

25. Global K9 is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the Collective. The FLSA claim in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former Global K9 employees who have been underpaid in violation of the FLSA who would benefit from the

- 5 -

CLASS ACTION COMPLAINT FOR
FEDERAL & STATE EMPLOYMENT LAW VIOLATIONS

issuance of a court-supervised notice of the present lawsuit and the opportunity to join it. Those similarly situated handlers are known to Global K9, are readily identifiable, and can be located through Global K9's records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

26. Plaintiff Hidalgo also brings his claims on behalf of himself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

27. The Class is defined as "All individuals who were employed as handlers for Global K9 Protection Group in California at any time during the four years preceding the filing of this Complaint through the final disposition in this action."

28. <u>Numerosity</u>. The Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the class period Global K9 has employed dozens of persons who satisfy the definition of the Class.

29. <u>Ascertainability</u>. The identity of Class members is ascertainable through Global K9's records.

30. <u>Commonality and Predominance</u>. Common questions of law and fact exist as to members of the Class that predominate over any individualized questions, including but not limited to the following:

- Whether Global K9 failed to pay its employees overtime;
- Whether Global K9 failed to pay its employees the minimum wage for all hours worked;
- Whether Global K9 failed to provide itemized wage statements;
- Whether Global K9 kept accurate payroll records;
- Whether Global K9 failed to provide meal and rest breaks;
- Whether Global K9 policies and practices violated the UCL, California Labor Code §§ 218.5, 218.6, 226, 226.3, 226.7, 226.8, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2802, and

California Industrial Welfare Commission Wage Order No. 4-2001 ("Wage Order 4");

- The proper measure of damages sustained by members of the Class.

31. <u>Typicality</u>. Plaintiff Hidalgo's' claims are typical of Class members' claims. Plaintiff, like other Class members, was subjected to Global K9's policies and practices that violated California law. Plaintiff's job duties and claims were and are typical of those of the Class members.

32. <u>Adequacy.</u> Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's counsel are experienced in employment class actions and will fairly and adequately represent and protect the interests of the Class members.

33. <u>Superiority</u>. Class treatment would benefit the courts and Class members. Certification of the class would provide substantial benefits to the courts and Class members. The damages suffered by individual Class members are relatively small compared to the significant expense and burden of individual prosecution of this litigation. In addition, class certification will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Global K9's practices.

34. There will be no undue difficulty in the management of this litigation as a class action. A class action is superior to other methods for the fair and efficient adjudication of this controversy because the costs of prosecution would likely surpass individual Class members' damages, it is economically impractical for Class members to pursue individual actions. Without a class action, Plaintiff and Class members have no effective remedy to recover their damages. A class action allows Class members to assert their rights while conserving the resources of this Court and the parties.

**FIRST CAUSE OF ACTION**
**(Failure to Pay Minimum Wage, 29 U.S.C. § 206**
**Brought by Plaintiffs on Behalf of Themselves and the Collective)**

35. Plaintiffs, on behalf of themselves and all members of the Collective, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

36. At all relevant times, Global K9 has been an employer, and Plaintiffs and the Collective have been employees under California and Federal law entitled to the protections of the FLSA, the California Labor Code, and Wage Order 4.

37. The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 206, which protects Plaintiffs' and the Collective's right to earn a minimum wage and provides for damages and punishment for violations of that right.

38. In particular, the applicable hourly minimum wages for Plaintiffs Boomer and Bentley were as follows:

    a. In Alabama and Georgia, $7.25;

    b. In Florida, $8.10 in 2017, $8.25 per hour in 2018, $8.46 in 2019; $8.56 in 2020;

39. Plaintiffs and the Collective regularly earned less than the minimum due to the significant time spent off the clock between scheduled screening time. These expenses resulted in hourly rates of well less than the minimum wage based on the hours that Plaintiff and the Collective worked.

40. Plaintiffs seek the amount of the respective unpaid wages owed them and the Collective, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq*. and such other legal and equitable relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(Failure to Pay Overtime, 29 U.S.C. § 207**
**Brought by Plaintiffs on Behalf of Themselves and the Collective)**

41. Plaintiffs, on behalf of themselves and all members of the Collective, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

42. The foregoing conduct, as alleged, constitutes a violation of 29 U.S.C. § 207, which requires overtime pay for time worked over 40 hours in a week.

43. Plaintiffs routinely worked more than 40 hours in a week. For example, during the week of July 28 to August 1, 2019, Hidalgo worked more than 40 hours. From December 2018 to February 2019, Bentley and Boomer both had numerous weeks with over 40 hours worked

44. Global K9 had a policy and practice of failing and refusing to pay Plaintiffs and similarly situated handlers overtime and thus violated and continue to violate the overtime provisions of the FLSA.

45. Plaintiffs seek the amount of the respective unpaid wages owed them and the Collective, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §§ 201 *et seq.* and such other legal and equitable relief as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**(Failure to Pay Minimum Wage, Cal. Labor Code §§ 1182.12,**
**1194, 1194.2, 1197, 1197.1, 1199, and Wage Order 4**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

46. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

47. The foregoing conduct, as alleged, constitutes a violation of the California Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, 1199, and Wage Order 4, which similarly protect Plaintiff and Class members' right to earn a minimum wage and provide for damages and punishment for violations of that right.

48. The applicable minimum wages in California were as follows:

    a. In California, $10 per hour in 2016, $10.50 per hour in 2017, $11.00 per hour in 2018-2019, and $12.00 per hour in 2020.

    b. In San Francisco, including San Francisco International Airport, $13.34 per hour in 2016-2017, $14.02 per hour from January-October 2018; $17.00 per hour from November 2018 to July 2019, and $17.66 from July 2019 to the date of filing of this complaint (San Francisco Municipal Code §§ 2A.23 and 12.P.2 *et seq.*).

49. Plaintiff and Class members regularly earned less than the minimum wage.

50. Plaintiff seeks the amount of the respective unpaid wages owed him and other Class members, liquidated damages, attorneys' fees and costs pursuant to Cal. Labor Code § 1194 and Wage Order 4, and such other legal and equitable relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**
**(Failure to Pay Overtime, Cal. Labor Code §§ 510, 1194, 1198, and Wage Order 4**
**Brought by Plaintiff on Behalf of Himself and the Class)**

51. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

52. The foregoing conduct, as alleged, constitutes a violation of California Labor Code §§ 510, 1194, 1198, and Wage Order 4, which require overtime pay for time worked over eight hours in a day or over 40 hours in a week.

53. Although Plaintiff and Class members worked more than eight hours in a day or 40 hours in a week, Global K9 had a policy and practice of failing and refusing to pay him and Class members overtime and thus violated and continues to violate the overtime provisions of the California Labor Code and Wage Order 4.

54. Plaintiff seeks the amount of the respective unpaid wages owed him and Class members, liquidated damages, attorneys' fees and costs pursuant to Cal. Labor Code § 1194 and Wage Order 4, and such other legal and equitable relief as the Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**(Failure to Reimburse Necessary Expenses, Cal. Labor**
**Code § 2802 and Wage Order 4**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

55. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

56. The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 2802 and Wage Order 4, which provides for the reimbursement of employee expenses incurred while carrying out their employment or to comply with employer requirements.

57. Plaintiff and Class members have incurred and continue to incur expenses necessary in the discharge of their job duties for Global K9, including cell phone expenses, vehicle expenses, veterinary expenses, and other expenses related to the care of their dogs. Defendant is aware that the monthly stipend it provides is insufficient to cover such necessary costs.

58. Global K9 failed to reimburse Plaintiff and Class members for all work-related expenses and thus violated and continues to violate Labor Code § 2802 and Wage Order 4.

59. No agreement to pay less than full reimbursement of Plaintiff and Class members' costs, whether entered into between Defendant and Plaintiff or Defendant and Class members, is enforceable. Lab. C. § 2804.

60. Plaintiff seeks the amount of unpaid expenses owed him and Class members, interest, attorneys' fees and costs pursuant to Labor Code § 2802(b) and (c) and Wage Order 4, and such other legal and equitable relief as the Court deems just and proper.

**SIXTH CAUSE OF ACTION**
**(Wage Statement Claim, Cal. Labor Code § 226, and Wage Order 4**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

61. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

62. The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 226 and Wage Order 4, which sets forth the requirements for itemized wage statements.

63. The wage statements Global K9 provided to Plaintiff and Class members do not clearly itemize hours worked, an hourly wage, overtime, or earnings in a way that readily identifies whether Plaintiff and Class members received all applicable pay for which they were eligible. Global K9 thus violated and continues to violate California Labor Code § 226 and Wage Order 4.

64. Plaintiff seeks to recover, on behalf of himself and Class members, the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), as well as costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(Failure to Provide Meal Breaks, Cal. Labor Code §§ 226.7, 512, and Wage Order 4,**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

65. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

66. At all relevant times, Global K9 has been an employer, and Plaintiff and Class members are employees under California law entitled to the protections of the California Labor Code.

67. The foregoing conduct, as alleged, constitutes a violation of California Labor Code § 226.7 and Wage Order 4, which provide for a 30-minute meal break in which employees are relieved of all duties for employees who work five hours or more in a day.

68. Although Plaintiff and an identifiable portion of Class members periodically worked five hours or more in a day, Global K9 had a policy and practice of failing to provide lawful meal breaks. Global K9 thus violated and continues to violate the meal break provisions of the Labor Code.

69. Plaintiff, on behalf of himself and Class members, seeks the amount of the respective pay owed – one hour of compensation for each eligible workday that a meal period is not provided – interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### EIGHTH CAUSE OF ACTION
**(Failure to Provide Rest Breaks, Cal. Labor Code §§ 226.7(a), 516; and Wage Order 4, Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

70. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

71. At all relevant times, Global K9 has been an employer, and Plaintiff and Class members are employees under California law entitled to the protections of the California Labor Code.

72. Section 12(A) of Wage Order 4-2001 (Cal. Code Regs., tit. 8, § 11070(4)(A)) provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period." The authorized rest period time "shall be based on the total hours worked daily at the rate of ten (1) minutes net rest time per four (4) hours or major fraction thereof." During such a rest period, the employee is to be relieved of all duty.

73. During the four years preceding the filing of this action and continuing to the present, Plaintiff Hidalgo and members of the Class worked shifts of 3.5 hours or longer. Global K9 has impeded, discouraged, and/or dissuaded Plaintiff and members of the Class from taking timely and lawful rest periods.

74. Section 12(B) of Wage Order 4-2001 provides that "[i]f an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not provided." This parallels the requirement in Labor Code § 226.7, subdivision (b), that an employee be paid one additional hour of pay at the employee's regular rate of compensation for each work day that a legal rest period is not provided.

75. Under Wage Order 4-2001 and Labor Code § 226.7(b), Plaintiff and members of the Class are entitled to one hour of pay at their regular rate for each shift during which they were not provided rest periods.

76. Plaintiff and members of the Class have been deprived of their rightfully earned compensation for missed or untimely rest periods as a direct and proximate result of Global K9's policies and failure and refusal to pay that compensation.

77. Plaintiff, on behalf of himself and Class members, seeks the amount of the respective pay owed – one hour of compensation for each eligible workday that a meal period is not provided – interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**NINTH CAUSE OF ACTION**
**(Waiting Time Penalties, Lab. C. § 203**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

78. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

79. During the Class Period, Defendant willfully failed and refused to pay discharged putative Class members accrued wages and other compensation due immediately upon

termination or within seventy-two (72) hours of resignation. Said non-payment was the direct and proximate result of a willful refusal to do so by the Defendant.

80. More than thirty days have elapsed since Plaintiff and numerous putative Class members were involuntarily terminated or voluntarily resigned from Defendant's employment.

81. As a direct and proximate result of Defendant's willful conduct in failing to pay Plaintiff and Class members for all hours worked, these affected workers are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

82. Plaintiff, on behalf of himself and Class members, seeks the amount of penalties owed for Defendant's violations of this section, as well as attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**TENTH CAUSE OF ACTION**
**(Unfair Business Practices, Cal. Bus. & Prof. Code § 17200**
**Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)**

83. Plaintiff Hidalgo, on behalf of himself and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

84. California Labor Code § 2802 and Wage Order 4 provide for the reimbursement of Plaintiff and Class members' expenses incurred while carrying out their employment or to comply with Global K9 requirements.

85. California Labor Code §§ 1182.12, 1194, 1194.2, 1197, 1197.1, 1199, and Wage Order 4 protect Plaintiff and Class members' right to earn the minimum wage and provide for damages and punishment for violations of that right.

86. California Labor Code §§ 510, 1194, 1198, and Wage Order 4 provide for compensation with overtime pay for time worked over eight hours in a day or 40 hours in a week.

87. California Labor Code §§ 226, 353, 1174 and Wage Order 4 provide requirements for properly itemized wage statements and payroll recordkeeping.

88. California Labor Code § 2810.5 requires employers to provide written notice at the time of hire containing the rate or rates of pay, including overtime rate, the basis for pay (whether by the hour, piece, etc.), as well as other information.

89. California Labor Code § 432 requires employers to provide employees and applicants, "upon request," with "a copy of . . . any instrument relating to the obtaining or holding of employment that" that he or she has "sign[ed]." In addition, California Labor Code § 1198.5 provides "[e]very current and former employee[] or his or her representative . . . the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." That statute provides procedural protections for employees relating to how and when employees must be allowed to inspect or receive copies of such records, and it provides for injunctive relief and a penalty of $750 payable to the employee.

90. On information and belief, Global K9 has a pattern, practice, and/or policy of failing to provide employee-specific documents and information within a reasonable time and in a manner that complies with the law.

91. Global K9's conduct, as alleged, violates the UCL, which prohibits, *inter alia*, unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practices.

92. By failing to pay Plaintiff and Class members for work-related expenses, overtime, and minimum wage, and violating requirements for wage statements, notice, and payroll records, Global K9 committed unlawful and unfair acts as defined by the UCL.

93. Global K9's practices, as alleged, constitute unlawful acts because such acts violate the California Labor Code sections detailed above, as well as Wage Order 4.

94. Global K9's practices, as alleged, also constitute unfair acts because such acts are contrary to public policy.

95. As a result of these unlawful and/or unfair business practices, Global K9 reaped unfair benefits and illegal profits at Plaintiff's and Class members' expense. Global K9 must disgorge these ill-gotten gains and restore to Plaintiff and Class members all expense

reimbursement, overtime, minimum wages, and other wages owed. Global K9's actions deprived Plaintiff and Class members of their expenses and full pay; consequently, Plaintiff and Class members have lost money and property, and they are entitled to restitution in the amount of expenses and pay that Global K9 withheld. Pursuant to California Code of Civil Procedure § 1021.5, Plaintiff is entitled to payment of his attorneys' fees, costs, and expenses incurred in bringing this action.

**ELEVENTH CAUSE OF ACTION**
**(Labor Code § 432**
**Brought by Plaintiff Hidalgo on Behalf of Himself)**

96. Plaintiff Hidalgo realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

97. California Labor Code § 432 requires employers to provide employees and applicants, "upon request," with "a copy of . . . any instrument relating to the obtaining or holding of employment that" that he or she has "sign[ed]." In addition, California Labor Code § 1198.5 provides "[e]very current and former employee[] or his or her representative . . . the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee." That statute provides procedural protections for employees relating to how and when employees must be allowed to inspect or receive copies of such records, and it provides for injunctive relief and a penalty of $750 payable to the employee.

98. California Labor Code § 11.98.5(k) provides, "If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer."

99. Plaintiff Hidalgo requested his personnel file on or around February 7, 2020. Global K9 has not provided his file.

100. Global K9 is liable to Plaintiff for $750.

### TWELVETH CAUSE OF ACTION
### (Declaratory Relief
### Brought by Plaintiff Hidalgo on Behalf of Himself and the Class)

101. Plaintiffs, on behalf of themselves and all members of the Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

102. Pursuant to 28 U.S.C. 2201, Plaintiffs seek a declaration by this Court determining and declaring the existence of certain rights and other legal relations as between the parties.

103. Plaintiffs' "Bailment Agreement" purports to bind the parties to any disputes "arising" out of the bailment of their dogs. The parties' dispute arises wholly out of the employment relationship, rather than the Bailment Agreement. To the extent Defendant purports that any causes of action "arise out of" this bailment agreement, the choice of law and venue clause in that bailment agreement is unenforceable pursuant to California law.

104. California Labor Code section 925 provides that an employer shall not require any employee who works and resides in California, as a condition of employment, from adjudicating outside California any claim arising in California, or depriving any employee of the substantive protection of California law with respect to any claim or controversy arising in California.

105. Any clause that violates Section 925(a) is voidable by the employee, and any such dispute shall be adjudicated in California, and California law shall govern the dispute.

106. Plaintiff Hidalgo, on behalf of himself and Class members, seeks a declaration that the Bailment Agreement is void as to the choice of law and choice of venue, seek injunctive relief to enforce California Labor Code section 925 as to the enforcement of the Bailment Agreement against him and the putative class, seek attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. An Order Conditionally Certifying the Collective

B. An Order Certifying the Class;

C. Issuance of Court-approved notice to the Collective so that members are advised of the lawsuit and have the opportunity to join it;

D. Designation of Plaintiffs as Representative of the Collective;

E. Designation of Plaintiff Hidalgo as Representative of the Class;

F. Designation of Plaintiff's counsel of record as Class Counsel for the Collective and the Class;

G. A declaratory judgment that the practices complained of herein are unlawful;

H. An injunction against Global K9 and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

I. An award of damages, penalties, and restitution to be paid by Global K9 according to proof;

J. Pre-judgment and post-judgment interest, as provided by law;

K. Attorneys' fees, pursuant to the FLSA, Labor Code §§ 218.5, 226(e), 1194, 2802, Code of Civil Procedure § 1021.5, and all other bases for fees in the Labor Code and Wage Order 4;

L. Costs of suit, including expert fees and costs;

M. An appropriate service award to Plaintiffs for their service as Class and Collective representatives; and

N. Such other injunctive and equitable relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims so triable.

| | |
|---|---|
| Dated: April 21, 2020 | Respectfully submitted,<br><br>By: */s/ Christian Schreiber*<br>         Christian Schreiber<br><br>Monique Olivier (Cal. Bar No. 190385)<br>monique@osclegal.com<br>Katharine Chao (Cal. Bar No. 247571)<br>kathy@osclegal.com<br>Christian Schreiber (Cal. Bar No. 245597)<br>christian@osclegal.com<br>OLIVIER SCHREIBER & CHAO LLP<br>201 Filbert Street, Suite 201<br>San Francisco, CA 94133<br>Telephone: (415) 484-0980<br>Facsimile: (415) 658-7758<br><br>Rory Quintana (Cal. Bar No 258747)<br>Ramsey Hanafi (Cal. Bar No. 262515)<br>QUINTANA HANAFI, LLP<br>870 Market Street, Suite 1115<br>Tel.: (415) 504-3121<br>Fax: (415) 233-8770<br><br><br>*Counsel for Plaintiffs and the Proposed Class* |

CLASS ACTION COMPLAINT FOR
FEDERAL & STATE EMPLOYMENT LAW VIOLATIONS