Christian Schreiber (Cal. Bar No. 245597)
christian@osclegal.com
OLIVIER SCHREIBER & CHAO LLP
201 Filbert Street, Suite 201
San Francisco, CA 94133
Telephone: (415) 484-0980
Facsimile: (415) 658-7758

Rory Quintana (Cal. Bar No 258747)
rory@qhplaw.com
Ramsey Hanafi (Cal. Bar No. 262515)
ramsey@qhplaw.com
QUINTANA HANAFI, LLP
870 Market Street, Suite 1115
San Francisco, CA 94102
Telephone: (415) 504-3121
Facsimile (415) 233-8770

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JUSTIN HIDALGO, COURTNEY BENTLEY, and GAVIN BOOMER, <br><br>Plaintiffs <br><br>v. <br><br>GLOBAL K9 PROTECTION GROUP LLC, <br><br>Defendant. | Case No. 3:20-cv-02780-VC <br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARDING ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS** <br><br><br>Hon. Vince Chhabria |

## **[PROPOSED] ORDER**

A hearing was held on this matter on August 26, 2021, at 2:00 p.m., in Courtroom 4 of the United States District Court for the Northern District of California before the Honorable Vince Chhabria. Due and adequate notice having been given to the Settlement Classes (as defined below), and the Court having considered all papers filed and proceedings held herein, all oral and written comments and any objections received regarding the proposed settlement, having reviewed the record in the above captioned matter, and good cause appearing therefor,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of the above-captioned action (the "Action"), Justin Hidalgo, Courtney Bentley, and Gavin Boomer ("Class Representatives"), Defendant Global K9 Protection Group, LLC ("Global K9" or "Defendant"), and all members of the Class, which is defined as follows:
All individuals employed by Defendant as canine handlers ("handlers") at any time between April 21, 2016 through February 15, 2021 who either (*a*) worked for Defendant in California or (*b*) worked for Defendant outside of California and opted into the collective action." (the "Settlement Class").

2. The terms "Settlement" or "Settlement Agreement" shall refer to the Motion for Preliminary Approval of Class Action Settlement filed by the Class Representative on April 29, 2021 (Dkt. 96), and attached to the Declaration of Class Counsel Christian Schreiber as Exhibit A (Dkt. 96-02) and all terms herein shall have the same meaning as the terms defined in the Settlement Agreement, unless specifically provided herein.

3. The Court grants final approval of the Settlement Agreement because it meets the criteria for final settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arm's-length and informed negotiations, and treats all members of the Class fairly.

4. The Court finds that the distribution by email of the Class Notice constituted the best

notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Approval Hearing, the Notice to the Class was adequate. The Notice informed members of the Class of the terms of the Settlement, their right to object to the Settlement or Class Counsel's Motion for Attorneys' Fees and Costs and the Class Representative's Service Payment, their right to appear in person or by counsel at the Final Approval Hearing, and their right to exclude themselves from the Settlement and pursue their own remedies. Adequate periods of time were provided by each of these procedures.

5. The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this Settlement, this Court has certified the Class, as defined above. Because the Class is being certified here for settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3). *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

6. The Court approves the Settlement and the Released Claims and other terms set forth in the Settlement Agreement as fair, reasonable and adequate. The Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Settlement Agreement.

7. No member of the Class has validly and timely opted out of the Settlement.

8. Subject to the terms of the Settlement, upon successful completion by Defendant of all payments, the claims asserted in the Action will be dismissed with prejudice. The Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Order.

9. Subject to successful completion of the payments required by Defendant, the Class

Representatives and each member of the Class, hereby release Global K9 and the Released Parties (as defined in the Settlement Agreement) from the Released Claims (as those terms are defined in the Settlement Agreement).

10. The Court reserves and retains exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and Global K9 for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

11. The Court finds that the plan of allocation for the shares of the Gross Settlement Amount as set forth in the Settlement Agreement is fair and reasonable, and that distribution of the Net Settlement Amount shall be done in accordance with the terms outlined in the Notice and Settlement Agreement.

12. The Court approves payment of $15,000 to CPT Group, Inc. to effectuate the administration of the Settlement.

13. The Court approves Service Awards to the Class Representatives Justin Hidalgo, Courtney Bentley, and Gavin Boomer in the amount of $5,000 each.

14. The Court has considered Plaintiffs' Motion for Attorneys' Fees and Costs, and Class Representative Service Awards. Class Counsel advanced this litigation on a contingent-fee basis, that their efforts resulted in a substantial monetary recovery for the Class. The Court approves Class Counsel's reasonable costs in the amount of $31,007.85, which were reasonable and appropriately incurred in the furtherance of this litigation.

15. Class Counsel's hourly rates are reasonable and within the range of rates for attorneys of comparable skill and expertise in the Bay Area. Though Class Counsel has efficiently prosecuted this litigation, Class Counsel's lodestar significantly exceeds the amount of fees sought. The requested attorneys' fees now awarded are reasonable in light of Class Counsel's efforts in this matter. Class Counsel has sought an award of $127,500 for

attorneys' fees, which represents 30 percent of the common fund achieved in the Settlement. The Court finds this payment to be fair and reasonable and awards Class Counsel $127,500 to be paid according to the terms of the Settlement.

16. Five percent (5%) of the attorneys' fees ($6,3750.00) shall be withheld by the Settlement Administrator and not distributed to Class Counsel until after the Post-Distribution Accounting is filed, upon further order of this Court.

17. The settlement of $5,000 in penalties for claims under the Private Attorneys' General Act ("PAGA"), Cal. Lab. C. § 2698, *et seq*., is approved. The payment of 75% of this amount ($3,750) shall be paid to the Labor and Workforce Development Agency in satisfaction of the statutory division of such penalties (Cal. Lab. C. § 2699(i)) according to the terms of the Settlement.

18. All the foregoing payments shall be made by the Settlement Administrator in accordance with the terms of the Settlement.

19. The Parties are to file a joint status report to the Court no later than July 14, 2022 about the status of the Defendant's payments of the Settlement. Based on that report the Court will determine whether further hearing is necessary or will enter final judgment of this matter.

**IT IS SO ORDERED.**

DATE:_____, 2021

_____
Hon. Vince Chhabria
UNITED STATES DISTRICT JUDGE